**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| AMBATO MEDIA, LLC,<br>  Plaintiff,<br><br>    v.<br><br>CLARION CO., LTD.,<br>CLARION CORPORATION OF AMERICA,<br>DELPHI CORPORATION,<br>FUJITSU LIMITED,<br>FUJITSU TEN CORPORATION OF AMERICA,<br>GARMIN LTD.,<br>GARMIN INTERNATIONAL, INC.,<br>VICTOR COMPANY OF JAPAN, LTD.,<br>JVC AMERICAS CORPORATION,<br>JVC KENWOOD HOLDINGS, INC.,<br>J&K CAR ELECTRONICS CORPORATION,<br>LG ELECTRONICS, INC.<br>LG ELECTRONICS USA, INC.,<br>MITAC INTERNATIONAL CORPORATION,<br>MITAC DIGITAL CORPORATION,<br>MIO TECHNOLOGY USA LTD.,<br>NAVIGON, INC.,<br>NEXTAR INC.,<br>PANASONIC CORPORATION,<br>PANASONIC CORPORATION OF NORTH AMERICA,<br>PIONEER CORPORATION,<br>PIONEER ELECTRONICS (USA) INC.,<br>SANYO ELECTRIC CO., LTD.,<br>SANYO NORTH AMERICA CORPORATION,<br>SANYO ELECTRONIC DEVICE (U.S.A.) CORPORATION,<br>TOMTOM N.V.,<br>TOMTOM INTERNATIONAL B.V., and<br>TOMTOM, INC.<br>  Defendants. | Civil Action No. 2:09-cv-242 TJW<br><br>**JURY** |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Ambato Media, LLC ("Ambato"), as and for Plaintiff's Amended Complaint against defendants: Clarion Co., Ltd. and Clarion Corporation of America (together "Clarion"); Delphi Corporation; Fujitsu Limited and Fujitsu Ten Corporation of America (together "Fujitsu"); Garmin Ltd. and Garmin International, Inc. (together "Garmin"); Victor Company of Japan, Ltd., JVC Americas Corporation, JVC Kenwood Holdings, Inc. and J&K Car Electronics Corporation (together "JVC Kenwood"); LG Electronics, Inc. and LG Electronics USA, Inc. (together "LG Electronics"); MiTAC International Corporation, MiTAC Digital Corporation and Mio Technology USA Ltd. (together "MiTAC"); Navigon, Inc.; Nextar Inc.; Panasonic Corporation and Panasonic Corporation of North America (together "Panasonic"); Pioneer Corporation and Pioneer Electronics (USA) Inc. (together "Pioneer"); Sanyo Electric Co., Ltd., Sanyo North America Corporation, and Sanyo Electronic Device (U.S.A.) Corporation (together "Sanyo"); and TomTom N.V., TomTom International B.V., and TomTom, Inc. (together "TomTom") (collectively "defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 et. seq. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) and §1400(b).

## PARTIES

3.      Plaintiff Ambato Media, LLC is a Delaware company with a principal place of business at 28 Park Avenue South No. 36665, New York, NY 10003.

4.      Upon information and belief, Clarion Co., Ltd. is a Japanese company with a principal place of business at 7-2 Shintoshin, Chuo-ku, Saitama-shi, Saitama, 330-0081, Japan.

Clarion Co., Ltd. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Clarion Co., Ltd. may be served in accordance with the terms of the Hague Convention at its principal place of business.

5. Upon information and belief, Clarion Corporation of America is a corporation organized under the laws of California with its principal place of business at 6200 Gateway Drive, Cypress, CA 90630. Clarion Corporation of America does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Clarion Corporation of America is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062.

6. Upon information and belief, Delphi Corporation is a corporation organized under the laws of Delaware with its principal place of business at 5725 Delphi Drive, Troy, Michigan. Delphi Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Delphi Corporation does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. Delphi Corporation may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Delphi Corporation at its principal place of business at 5725 Delphi Drive, Troy, Michigan via Certified Mail -- Return Receipt Requested.

7. Upon information and belief, Fujitsu Limited is a Japanese company with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan. Fujitsu Limited does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Fujitsu Limited may

be served in accordance with the terms of the Hague Convention at its principal place of business.

8. Upon information and belief, Fujitsu Ten Corporation of America is a corporation organized under the laws of California with its principal place of business at 19600 S Vermont Ave. Torrance, CA 90502. Fujitsu Ten Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Fujitsu Ten Corporation does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. Fujitsu Ten Corporation may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Fujitsu Ten Corporation at its principal place of business at 19600 S Vermont Ave., Torrance, CA 90502 via Certified Mail -- Return Receipt Requested.

9. Upon information and belief, Garmin Ltd. is a Caymans Island company with a principal place of business at Suite 3206B, 45 Market Street, Gardenia Court, Camana Bay, Cayman Islands. Garmin Ltd. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Garmin Ltd. may be served in accordance with the terms of the Hague Convention at its principal place of business.

10. Upon information and belief, Garmin International, Inc. is a corporation organized under the laws of Kansas with its principal place of business at 1200 East 151st Street, Olathe, KS 66062. Garmin International, Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Garmin International, Inc. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. Garmin International, Inc. may therefore be served with process

by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Garmin International, Inc. at its principal place of business at 1200 East 151st Street, Olathe, KS 66062 via Certified Mail -- Return Receipt Requested.

11.     Upon information and belief, Victor Company of Japan, Ltd. (JVC) is a Japanese company with a principal place of business at 12, Moriya-cho 3-chome, Kanagawa-ku, Yokohama, 221-8528.  Victor Company of Japan, Ltd. (JVC) does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Victor Company of Japan, Ltd. (JVC) may be served in accordance with the terms of the Hague Convention at its principal place of business.

12.     Upon information and belief, JVC Americas Corporation is a corporation organized under the laws of Delaware with its principal place of business at 1700 Valley Road, Wayne, NJ 07470.  JVC Americas Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  JVC Americas Corporation is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, CT Corporation System, 350 N. Saint Paul Street, Dallas, TX 75201.

13.     Upon information and belief, JVC Kenwood Holdings, Inc. is a Japanese company with a principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, 221-0022, Japan.  JVC Kenwood Holdings, Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  JVC Kenwood Holding, Inc. may be served in accordance with the terms of the Hague Convention at its principal place of business.

14. Upon information and belief, J&K Car Electronics Corporation is a Japanese company with a principal place of business at 2967-3, Ishikawa-machi, Hachioji-shi, Tokyo, Japan. J&K Car Electronics Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. J&K Car Electronics Corporation may be served in accordance with the terms of the Hague Convention at its principal place of business.

15. Upon information and belief, LG Electronics, Inc. is a Korean company with a principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, Korea. LG Electronics, Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. LG Electronics, Inc. may be served in accordance with the terms of the Hague Convention at its principal place of business.

16. Upon information and belief, LG Electronics USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. LG Electronics USA, Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. LG Electronics USA, Inc. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. LG Electronics USA, Inc. may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve LG Electronics USA, Inc. at its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632 via Certified Mail -- Return Receipt Requested.

17. Upon information and belief, MiTAC International Corporation is a Taiwanese company with a principal place of business at No. 200 Wen Hwa 2nd Rd., Kuei Shan Hsiang,

Taoyuan, Taiwan.  MiTAC International Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  MiTAC International Corporation may be served pursuant to Letters Rogatory.

18.     Upon information and belief, MiTAC Digital Corporation is a corporation organized under the laws of California with its principal place of business at 471 El Camino Real, Santa Clara, CA 95050.  MiTAC Digital Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  MiTAC Digital Corporation does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas.  MiTAC Digital Corporation may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve MiTAC Digital Corporation at its principal place of business at 471 El Camino Real, Santa Clara, CA 95050 via Certified Mail -- Return Receipt Requested.

19.     Upon information and belief, Mio Technology USA Ltd. is a corporation organized under the laws of California with its principal place of business at 4798 Fremont Blvd., Fremont, CA 94538.  Mio Technology USA Ltd. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  Mio Technology USA Ltd. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas.  Mio Technology USA Ltd. may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Mio Technology USA Ltd. at its principal place of business at 4798 Fremont Blvd., Fremont, CA 94538 via Certified Mail -- Return Receipt Requested.

20. Upon information and belief, Navigon, Inc. is a corporation organized under the laws of Illinois with its principal place of business at 200 West Madison Street, Suite 650, Chicago, IL 60606. Navigon, Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Navigon, Inc. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. Navigon, Inc. may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Navigon, Inc. at its principal place of business at 200 West Madison Street, Suite 650, Chicago, IL 60606 via Certified Mail -- Return Receipt Requested.

21. Upon information and belief, Nextar Inc. is a corporation organized under the laws of California with its principal place of business at 1661 Fairplex Drive, La Verne, CA 91750. Nextar Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Nextar Inc. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. Nextar Inc. may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Nextar Inc. at its principal place of business at 1661 Fairplex Drive, La Verne, CA 91750 via Certified Mail -- Return Receipt Requested.

22. Upon information and belief, Panasonic Corporation is a Japanese company with a principal place of business at 1006, Kadoma, Kadoma City, Osaka 571-8501, Japan. Panasonic Corporation does business in this jurisdiction by, among other things, committing the tort of

patent infringement giving rise to this case.  Panasonic Corporation may be served in accordance with the terms of the Hague Convention at its principal place of business.

23. Upon information and belief, Panasonic Corporation of North America is a corporation organized under the laws of Delaware with its principal place of business at 1 Panasonic Way, Secaucus, NJ 07094.  Panasonic Corporation of North America does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  Panasonic Corporation of North America is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, CT Corporation System, 350 N. Saint Paul Street, Dallas, TX 75201.

24. Upon information and belief, Pioneer Corporation is a Japanese company with a principal place of business at 4-1, Meguro 1-Chome, Meguro-KU, Tokyo 153-8654, Japan.  Pioneer Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  Pioneer Corporation may be served in accordance with the terms of the Hague Convention at its principal place of business.

25. Upon information and belief, Pioneer Electronics (USA) Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2265 E 220th Street, Long Beach, CA 90810.  Pioneer Electronics (USA) Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case.  Pioneer Electronics (USA) Inc. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas.  Pioneer Electronics (USA) Inc. may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the

Secretary of State to serve Pioneer Electronics (USA) Inc. at its principal place of business at 2265 E 220th Street, Long Beach, CA 90810 via Certified Mail -- Return Receipt Requested.

26.     Upon information and belief, Sanyo Electric Co., Ltd. is a Japanese company with a principal place of business at 5-5, Keihan-Hondori 2-chome, Morguchi City, Osaka 570-8677, Japan. Sanyo Electric Co., Ltd. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Sanyo Electric Co., Ltd. may be served in accordance with the terms of the Hague Convention at its principal place of business.

27.     Upon information and belief, Sanyo North America Corporation is a corporation organized under the laws of Delaware with its principal place of business at 2055 Sanyo Ave., San Diego, CA 92154. Sanyo North America Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Sanyo North America Corporation is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, Prentice Hall Corporation, 701 Brazos Street, Suite 1050, Austin, TX 78701.

28.     Upon information and belief, Sanyo Electronic Device (U.S.A.) Corporation is a corporation organized under the laws of Delaware with its principal place of business at 2055 Sanyo Ave., San Diego, CA 92154. Sanyo Electronic Device (U.S.A.) Corporation does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. Sanyo Electronic Device (U.S.A.) Corporation is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, Prentice Hall Corporation, 701 Brazos Street, Suite 1050, Austin, TX 78701.

29. Upon information and belief, TomTom N.V. is a Dutch company with a principal place of business at Oosterdoksstraat 114, 1011 DK Amsterdam, The Netherlands. TomTom N.V. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. TomTom N.V. may be served in accordance with the terms of the Hague Convention at its principal place of business.

30. Upon information and belief, TomTom International B.V. is a Dutch company with a principal place of business at Oosterdoksstraat 114, 1011 DK Amsterdam, The Netherlands. TomTom International B.V. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. TomTom International B.V. may be served in accordance with the terms of the Hague Convention at its principal place of business.

31. Upon information and belief, TomTom, Inc. is a Massachusetts company with a principal place of business at 150 Baker Avenue Ext., Concord, Massachusetts 01742. TomTom, Inc. does business in this jurisdiction by, among other things, committing the tort of patent infringement giving rise to this case. TomTom, Inc. does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas. TomTom, Inc. may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve TomTom, Inc. at its principal place of business at 150 Baker Avenue Ext., Concord, Massachusetts 01742 via Certified Mail -- Return Receipt Requested.

## COUNT 1

(Infringement of U.S. Patent No. 5,432,542)

32. The allegations of paragraphs 1-31 above are incorporated herein by reference.

33. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271 et seq.

34. Ambato Media LLC is the owner of U.S. Patent No. 5,432,542 ("the '542 patent") that was duly and legally issued on July 11, 1995, and is entitled "Television Receiver Location Identification."

35. In violation of one or more provisions of 35 U.S.C. § 271, Clarion has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its EZD580 navigation device in this judicial district and elsewhere.

36. In violation of one or more provisions of 35 U.S.C. § 271, Delphi Corporation has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its NAV300 navigation device in this judicial district and elsewhere.

37. In violation of one or more provisions of 35 U.S.C. § 271, Fujitsu has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its AVN726E navigation device in this judicial district and elsewhere.

38. In violation of one or more provisions of 35 U.S.C. § 271, Garmin has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or

offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its nüvi 5000 and zūmo 660 navigation devices in this judicial district and elsewhere.

39.     In violation of one or more provisions of 35 U.S.C. § 271, JVC Kenwood has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its JVC KW-NX7000BT navigation device in this judicial district and elsewhere.

40.     In violation of one or more provisions of 35 U.S.C. § 271, LG Electronics has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its LN740 navigation device in this judicial district and elsewhere.

41.     In violation of one or more provisions of 35 U.S.C. § 271, MiTAC has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its Mio Moov 310 and Magellan RoadMate 1475T navigation devices in this judicial district and elsewhere.

42.     In violation of one or more provisions of 35 U.S.C. § 271, Navigon, Inc. has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its 8100T navigation device in this judicial district and elsewhere.

43. In violation of one or more provisions of 35 U.S.C. § 271, Nextar Inc. has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its 43LT navigation device in this judicial district and elsewhere.

44. In violation of one or more provisions of 35 U.S.C. § 271, Panasonic has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its CN-NVD905U navigation device in this judicial district and elsewhere.

45. In violation of one or more provisions of 35 U.S.C. § 271, Pioneer has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its AVIC-F500BT navigation device in this judicial district and elsewhere.

46. In violation of one or more provisions of 35 U.S.C. § 271, Sanyo has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or points of interest information, including but not limited to its EasyStreet NVM-4070 navigation device in this judicial district and elsewhere.

47. In violation of one or more provisions of 35 U.S.C. § 271, TomTom has infringed, and continues to infringe one or more claims of the '542 patent by making, using, selling and/or offering for sale navigation devices able to receive and display traffic, weather or

points of interest information, including but not limited to its GO 930T navigation device in this judicial district and elsewhere.

      48.     Defendants' acts of infringement have caused reparable and irreparable damage to Ambato, and Ambato will continue to suffer damage unless defendants are enjoined.

      WHEREFORE, plaintiff prays that the Court:

      A.     Enter judgment that defendants have infringed the '542 patent;

      B.     Temporarily, preliminarily and permanently enjoin defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with them, from engaging in the aforesaid unlawful acts of infringement;

      C.     Order defendants to account for and pay to plaintiff all damages cause to plaintiff by defendants' unlawful acts;

      D.     Award plaintiff increased damages and attorney fees pursuant to 35 U.S.C. § 285;

      E.     Award plaintiff its interest and costs incurred in this action; and

      F.     Grant plaintiff such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        Ambato Media, LLC
        By its attorneys,


        __*/s/ Michael C. Smith*_____
        Michael Charles Smith
        Texas State Bar No.
        Email: michaelsmith@siebman.com
        SIEBMAN REYNOLDS BURG
          PHILLIPS & SMITH LLP
        713 South Washington
        Marshall, TX 75670
        Telephone: (903) 938-8900
        Fax: 19727674620

        H. Joseph Hameline
        Massachusetts BBO# 218710
        Email: hjhameline@mintz.com
        Eugene A. Feher
        Massachusetts BBO# 550762
        Email: eafeher@mintz.com
        Robert R. Gilman
        Massachusetts BBO# 645224
        Email: rgilman@mintz.com
        Thomas J. Clark
        Massachusetts BBO# 659500
        Email: tjclark@mintz.com
        MINTZ, LEVIN, COHN, FERRIS,
          GLOVSKY AND POPEO, P.C.
        One Financial Center
        Boston, MA  02111
        Telephone: (617) 542-6000
        Fax: (617) 542-2241


Dated:  August 31, 2009.

4701863v.1