IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **AMBATO MEDIA, LLC,** § | |
| § | |
| Plaintiff, § | Civil Action No. 2:09-CV-242 (TJW) |
| v. § | |
| § | **Jury Trial Demanded** |
| **CLARION CO., LTD., ET AL.,** § | |
| § | |
| Defendants. § | |

### GARMIN INTERNATIONAL, INC.'S ANSWER AND DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Garmin International, Inc. ("Garmin") responds to Plaintiff Ambato Media, LLC's Amended Complaint (Docket No. 12) as follows:

### I. ANSWER

### JURISDICTION & VENUE

1. Garmin admits that Plaintiff asserts an action for patent infringement under the patent laws identified in Paragraph 1. Garmin further admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Garmin admits that venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) and § 1400(b).

### PARTIES

3. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Garmin admits that Garmin Ltd. is a Caymans Island company with a principal place of business at 45 Market Street Gardenia Court, Suite 3206B, Camana Bay, Cayman Islands. Garmin denies the remaining allegations in Paragraph 9.

10. Garmin admits that Garmin International, Inc. is a corporation organized under the laws of Kansas with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062. Garmin admits that Garmin International, Inc. does business in this jurisdiction. Garmin admits that Garmin International, Inc. does not maintain a regular place of business in Texas and that it does not have a designated agent for service of process in Texas. Garmin also admits that Garmin International, Inc. may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Garmin International, Inc. at its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062 via Certified Mail -- Return Receipt Requested. Garmin denies the remaining allegations in Paragraph 10.

11. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

## COUNT I

32. Garmin admits that the allegations of Paragraphs 1 through 31 are incorporated by reference.

33. Garmin admits that Plaintiff makes this claim under the provisions of the patent law identified in Paragraph 33.

34. Garmin admits that U.S. Patent No. 5,432,542 (the "'542 Patent") is entitled, "Television Receiver Location Identification." Garmin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies the same.

35. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

37. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

38. Denied.

39. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

42. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

43. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the same.

46. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same.

47. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

48. Garmin denies the allegations in Paragraph 48 as they relate to Garmin. Garmin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies the same.

## PRAYER FOR RELIEF

49. Garmin incorporates herein by reference its Answers to Paragraphs 1 through 48 of Plaintiff's Amended Complaint above and denies that Plaintiff is entitled to any relief or judgment against Garmin.

## II. DEFENSES

Garmin asserts the following defenses to Count I of Plaintiff's Amended Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Garmin has not infringed, and does not directly or indirectly infringe, any valid and enforceable claim of the '542 patent, either literally or under the doctrine of equivalents.

3.      The '542 patent, and each claim thereof, is invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.      The '542 patent is unenforceable because Plaintiff has misused the '542 patent by attempting to enforce it despite knowing that it is invalid and/or unenforceable.

5.      The '542 patent is unenforceable for Plaintiff's failure to timely disclaim the invalid claims pursuant to 35 U.S.C. §§ 253 and 288.

6.      Plaintiff's claim for patent infringement is barred by the doctrine of prosecution history estoppel.

7.      Plaintiff's claim for patent infringement is barred by waiver, laches, implied license and/or estoppel.

8.      Plaintiff's claim for patent infringement is barred by the doctrine of unclean hands.

9.      Plaintiff is estopped from asserting a construction of any claim of the '542 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office.

10.     Garmin reserves the right to amend its defenses as further dictated by discovery in this case.

### III. COUNTERCLAIMS

### THE PARTIES

1.      Garmin International, Inc. is a corporation organized under the laws of Kansas with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062.

**Garmin International, Inc.'s Answer and Defenses to**
**Plaintiffs Amended Complaint and Counterclaims**                                                                                      **Page 7**

*NY 239,815,565v1*

2.     Upon information and belief, Ambato Media, LLC ("Ambato") is a Delaware company with a principal place of business at 28 Park Avenue South No. 36665, New York, New York 10003.

## JURISDICTION & VENUE

3.     These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

4.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

5.     Ambato has asserted that Garmin infringes one or more claims of the '542 patent. An actual controversy exists between Garmin and Ambato over the alleged infringement, invalidity and unenforceability of the '542 patent.

### FIRST COUNTERCLAIM -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '542 PATENT

6.     Garmin incorporates and realleges Counterclaim Paragraphs 1 through 5 above as though fully set forth herein.

7.     Garmin has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '542 patent, either literally or under the doctrine of equivalents.

8.     Garmin therefore seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '542 patent, either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM -- DECLARATORY JUDGMENT OF INVALIDITYAND/OR UNENFORCEABILITY OF THE '542 PATENT

9.     Garmin incorporates and realleges Counterclaim Paragraphs 1 through 8 above as though fully set forth herein.

10. The '542 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. The '542 patent is unenforceable based at least on the allegations made in Paragraphs 4 and 5 of Garmin's Defenses above, which Garmin incorporates and realleges as though fully set forth herein.

12. Garmin therefore seeks a declaratory judgment that the '542 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*. and/or unenforceable.

## IV. PRAYER FOR RELIEF

Garmin respectfully requests this Court to enter judgment in its favor and grant the following relief:

a. an order and judgment declaring that Garmin does not infringe any claim of the '542 patent;

b. an order and judgment declaring that the claims of the '542 patent are invalid and/or unenforceable;

c. dismissal of the Amended Complaint with prejudice;

d. an order and judgment declaring this an exceptional case and awarding Garmin its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. any other relief that the Court may deem appropriate and just under the circumstances.

DATED: September 28, 2009					Respectfully submitted,


							By:	/s/ Christopher M. Joe
								Christopher M. Joe
								TX State Bar No. 00787770
								E-mail: joec@gtlaw.com
								GREENBERG TRAURIG, LLP
								2200 Ross Avenue, Suite 5200
								Dallas, Texas 75201
								Telephone: (214) 665-3604
								Facsimile: (214) 665-5904

								Of Counsel:

								Scott J. Bornstein
								E-mail: bornsteins@gtlaw.com
								James J. DeCarlo
								E-mail: decarloj@gtlaw.com
								Hashim A. Rahman
								E-mail: rahmanh@gtlaw.com
								GREENBERG TRAURIG, LLP
								MetLife Building
								200 Park Avenue
								New York, New York 10166
								Telephone: (212) 801-9200
								Facsimile: (212) 801-6400

								Gerald L. Fellows
								E-mail: fellowsj@gtlaw.com
								GREENBERG TRAURIG, LLP
								2375 East Camelback Road, Suite 700
								Phoenix, Arizona  85016
								Telephone:  (602) 445-8000
								Facsimile:  (602) 445-8100

								**COUNSEL FOR GARMIN INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 28th day of September 2009. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Christopher M. Joe
Christopher M. Joe