IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AMBATO MEDIA, LLC, § | | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 2:09-cv-242-JRG |
| | § | |
| CLARION CO., LTD., ET AL., | § | |
|     Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Garmin International, Inc.'s ("Garmin") Motion to Stay Proceedings (Dkt. No. 234.) Having considered the parties' written submissions, the Court DENIES the Motion.

### I.  Introduction

On August 14, 2009, Ambato Media LLC ("Ambato") filed suit against multiple defendants for infringement of U.S. Patent No. 5,432,542 (the "'542 patent"). On February 28, 2011 Garmin International, Inc. ("Garmin") filed a request for *ex parte* reexamination of claims 36, 38 and 39 of the '542 patent. The Patent Office granted this request on May 11, 2011, and, on September 22, 2011, issued an Office Action rejecting claims 36, 38 and 39. In October 2011, Garmin moved to stay this litigation pending the outcome of the reexamination proceedings. The *Markman* hearing in this case was conducted on June 14, 2011, a *Markman* Order was issued on July 18, 2011 and jury selection is set for July 2, 2012.

### II.  Applicable Law

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex.

2005) (citations omitted); Management of the court's docket requires "the exercise of judgment, which must weight competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC,* 356 F. Supp. 2d at 662.

### III.  Analysis

Each of the three factors weighs in favor of denying a stay. First, a stay would unduly prejudice the patentee, who has an interest in the timely enforcement of its patent rights. The *ex parte* reexamination requested by Garmin has barely entered its merit stage, and there is a strong likelihood that it may not finish until well after the current trial date. Moreover, a patentee can appeal a reexamination result to the Board of Patent Appeals and Interferences and to the Court of Appeals for the Federal Circuit. 35 U.S.C. § 305. A fully contested *ex parte* reexamination proceeding could therefore take several years to reach resolution. Ambato would be unduly prejudiced if the Court were to grant the stay because a stay would effectively prevent EMG from enforcing its patent rights for several more years.

Further, granting a stay would also prejudice Ambato because, when a case is stayed, "witnesses may become unavailable, their memories may face, and evidence may be lost while the PTO proceedings take place." *Gladish v. Tyco Toys, Inc.,* No. S-92-1666WBS/JFM, 1993 WL 625509, at *2 (E.D. Cal. Sept. 15, 1993). The possibility of witness and evidence loss is heightened in this case because Garmin admits that it has discontinued at least some of the accused products. When a product is discontinued, it is likely that some of the responsible engineers and

other related employees may leave Garmin, rendering obtaining testimony and evidence from them much more difficult. Accordingly, because Ambato will suffer prejudice if the case is stayed pending reexamination, this factor weighs in favor of denying a stay.

The second factor, whether a stay would simplify issues in this case, also weighs in favor of denying a stay. Garmin's argument that the asserted claims may be cancelled or amended during reexamination is merely speculative. Granting a motion to stay on such a provisional ground "would invite parties to unilaterally derail timely patent case resolution by seeking reexamination and not promote the efficient and timely resolution of patent cases." *EMG Tech., Inc. v. Apple, Inc.,* 6:09-cv-367, Dkt. No. 270 (E.D. Tex. Nov. 15, 2010) at 5. Even though some of the claims may change in this case, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *Id.*

The third factor, whether discovery is complete and whether a trial date has been set, also weighs against granting a stay. The Court issued a Docket Control Order (Dkt. No. 165) over a year and a half ago on May 24, 2010 and the parties have undertaken an extensive discovery process. Several rounds of interrogatories and document requests have been served and answered, "millions" of pages of documents have been exchanged, Infringement Contentions and Invalidity Contentions have been exchanged, a *Markman* hearing has come and gone, and the parties have exchanged initial and rebuttal expert reports on infringement, validity and damages. (Dkt. No. 240 at 7.) Discovery is set to close by March 15, 2012 and jury selection will commence on July 2, 2012. This factor also weighs in favor of denying a stay.

### IV. Conclusion

The relevant factors in this case favor denying the Motion before the Court. For these reasons, the Court DENIES Garmin's Motion to Stay Proceedings (Dkt. No. 234.)

**So ORDERED and SIGNED this 23rd day of January, 2012.**

                                                RODNEY GILSTRAP
                                                UNITED STATES DISTRICT JUDGE